in the judgment of the municipal court or in that of the court of common pleas.

*Judgment affirmed.*

BUCHWALTER, P. J., CUSHING and HAMILTON, JJ., concur.

---

## THE FOURTH & CENTRAL TRUST CO. *v.* THE HENDERSON LITHOGRAPHING CO. ET AL.

*Trusts—Stock placed in trust to continue control of corporation in son—Stock to be divided and distributed at son's death—Corporation dissolved and business sold before son's death—Proceeds from sale to be distributed and not reinvested.*

Where corporate stock was placed in trust for principal purpose of continuing trustor's son in control of corporation and for further purpose of dividing dividends between trustor's children, on sale of corporate business and dissolution of corporation, proceeds of stock held in trust were required to be distributed rather than reinvested by trustee until death of son.

(Decided April 12, 1926.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. Charles B. Wilby* and *Mr. Clark Wilby,* for plaintiff.

*Messrs. Buchwalter, Headley & Smith, Messrs. Maxwell & Ramsey, Mr. Jos. S. Graydon, Mr. Jos. L. Lackner, Mr. C. E. Stenning,* and *Mr. Ben B. Nelson,* for defendants.

258     Ohio Appellate Reports.

Fourth & Cent. Tr. Co. *v.* Lithographing Co. [21 Ohio

Buchwalter, P. J.   The action was brought by the Fourth & Central Trust Company, as trustee, under a trust agreement made with W. D. Henderson, asking the direction of the court as to its duty under such agreement with reference to the funds now held in trust.

All persons in any way interested in the trust were made parties to the action, and were properly served, or entered their appearance.

There are no controverted questions of fact, the only question for determination being the construction to be placed upon the trust agreement, in view of the situation as it now exists, with reference to the time of distribution of the fund.

W. D. Henderson, who was the owner of 1,000 shares of the common stock of the Henderson Lithographing Company, on August 2, 1918, by a voluntary trust agreement, transferred said shares of stock to the Fourth & Central Trust Company, then known as the Central Trust Company, as trustee, by the following instrument:

"Whereas, I, William D. Henderson, desiring to provide for the continuation of the influence of my son, Minto L. Henderson, in the management of the business of the Henderson Lithographing Company, and also desiring to provide for the equal distribution of my stock in that company among my children, or their heirs after my death.

"Now therefore, in consideration of the sum of one ($1.00) dollar to me in hand paid, the receipt whereof is hereby acknowledged, and for other good and valuable considerations to me moving, I have bargained, sold, released, and transferred, and by these presents I do bargain, sell, release,

and transfer, unto the Central Trust Company of Cincinnati, Ohio, its successors and assigns, one thousand (1,000) shares of my holding of the common stock of the Henderson Lithographing Company of Norwood, Ohio, the certificates for said one thousand (1,000) shares of said stock duly signed for transfer by me, to be delivered herewith: In trust to and for the several uses, intents, and purposes hereinafter named, to wit:

"(1) To collect and pay to me, or to my order, quarterly, the dividends accruing upon all of said stock as the same shall be paid, during and for the remainder of my life, less the reasonable and proper charges of said trustee in the premises.

"(2) To vote said stock at the meetings of stockholders of said the Henderson Lithographing Company as directed in writing by me.

"(3) After my death, if my son Minto L. Henderson shall survive me, to pay the dividends collected on said stock, one-fourth to each of my four children, or to their heirs per stirpes, less the reasonable and proper charges of said trustee in the premises, during the life of my son Minto L. Henderson, and on his death to divide said stock into four equal parts, and to cause one of said one-fourth parts to be transferred to each of my children then surviving, and one-fourth per stirpes to the heirs of my children who are not then living, and this trust shall then terminate.

"(4) If I shall survive my son Minto L. Henderson, then on my death to divide said stock into four equal parts, and to cause one of said one-fourth parts to be transferred to each of my children then surviving, and one-fourth per stirpes to

260          OHIO APPELLATE REPORTS.

Fourth & Cent. Tr. Co. v. Lithographing Co. [21 Ohio

the heirs of my children who are not then living, and this trust shall then terminate.

"(5) The said the Central Trust Company hereby signifies its acceptance of this trust, and hereby covenants and agrees to and with the said William D. Henderson, faithfully to discharge and execute the same according to the true intent and meaning of these presents.

"In witness whereof the said parties have hereunto set their hands this 2d day of August, 1918.

"W. D. Henderson.

"Signed and delivered in the presence of:

"Harry Neal Smith.

"Ardell Muchmore, witnessing above signature.

"August 2, 1918.

"We hereby acknowledge the acceptance of the above trust and the receipt of certificate No. 127 for 1,000 shares of the Henderson Lithographing Company common stock in the name of the Central Trust Company.

"The Central Trust Company.

"By Chas. H. Cheeseman,

"Ass't. Trust Officer."

On March 2, 1920, that agreement was modified as follows:

"To the Central Trust Company, Cincinnati, Ohio:

"By a special contract with my children entered into this day, I beg to notify you that item 2 of the contract and deed of trust dated August 2, 1918, whereby I transferred to your company in trust one thousand (1,000) shares of the common stock of the Henderson Lithographing Company, is modified so as to read as follows:

"(2) To vote the stock of the Henderson Litho-

graphing Company at the meetings of the stockholders of said company during my lifetime as directed by my son, Minto L. Henderson, and, should he predecease me, then the stock shall be voted by the trustee as directed by James G. Henderson and W. D. Henderson, Jr.; provided, however, that, should I during my lifetime cease to be president of the Henderson Lithographing Company otherwise than by resignation or voluntary retirement from said office as president, then and in that case to vote said stock during the remainder of my natural life as directed by me.

"In witness whereof I have hereunto subscribed my name, this second day of March, 1920.

"W. D. Henderson.

"Attest:

"F. C. Williams.

"March 9, 1920.

"We acknowledge receipt of the above modification of the deed of trust dated August 2, 1918, and we consent thereto.

"The Central Trust Company,<br>"By Albert W. Schwartz,<br>"Assistant Trust Officer.

"We consent:

"Minto L. Henderson.

"William D. Henderson, Jr.

"James G. Henderson.

"Louise H. Sullivan."

W. D. Henderson, the trustor, died on May 4, 1920, leaving his four children, James G. Henderson, William D. Henderson, Jr., Louise H. Sullivan, and Minto L. Henderson, surviving him.

On October 1, 1923, his son William D. Hender-

262    OHIO APPELLATE REPORTS.

Fourth & Cent. Tr. Co. v. Lithographing Co. [21 Ohio

son, Jr., died without issue, leaving a widow, Georgia Henderson, his legal heir and sole legatee under his will.

On May 23, 1925, the entire business of the Henderson Lithographing Company was sold, with the consent and approval of all stockholders and the trustee, voting under the direction of Minto L. Henderson. The corporation was then dissolved, and the portion of the sale price received for the 1,000 shares of common stock, so held in trust, is now in the possession of the trustee.

Minto L. Henderson is contending that this fund should be reinvested and held by the trustee for the purpose of conserving the same, and the income therefrom distributed to the persons entitled thereto until his death, and then be distributed in accordance with the terms of item 3 of said instrument.

The other living children of W. D. Henderson, deceased, to wit, James G. Henderson and Louise H. Sullivan, and Georgia Henderson, widow of William D. Henderson, Jr., contend that the terms of the trust can no longer be carried out, and that distribution should now be made in four equal parts, in accordance with the terms of item 3 of the instrument, to wit, one part to each of the three living children of W. D. Henderson, and one part to the widow and heir of his deceased son.

The question for determination, therefore, is: Shall distribution be made now, or shall it be postponed until the death of Minto L. Henderson?

An examination of the instrument creating the trust shows that the trustor had in mind two main

OHIO APPELLATE REPORTS.    263

App.]    Fourth & Cent. Tr. Co. v. Lithographing Co.

purposes; one being to provide for the continuation of the influence of his son, Minto L. Henderson, in the management of the business of the Henderson Lithographing Company, and the other being to provide for the equal distribution of his stock in that company among his children, or their heirs, after his death.

Minto L. Henderson was the largest stockholder, and held all of the common stock not covered by the trust agreement. W. D. Henderson was to receive the income from the stock during his life, and, after his death, have the stock equally distributed among his children, or their heirs, on the death of Minto L. Henderson, which means to take place when the latter could no longer attend to the management of the business of the company.

The whole document shows that W. H. Henderson contemplated only the management of the business and distribution of the stock of this identical company, which he had spent his lifetime in developing. Minto L. Henderson had it in his power, by voting his own stock, and by direction to the trustee to so vote, to bring about the sale of the business and the dissolution of the corporation, and, by exercising that power, he made it impossible for him to longer control and manage the affairs of the Henderson Lithographing Company, or to use his influence in the conduct of that business, and made it impossible for the trustee to at any time distribute the stock among the beneficiaries named in the trust agreement. There is now no stock of that company for the trustee to hold, no stock to vote, to collect dividends on,

264          OHIO APPELLATE REPORTS.

Fourth & Cent. Tr. Co. *v.* Lithographing Co. [21 Ohio

or to distribute. The purpose in having Minto L. Henderson named as the governing head and controlling director of the business has now failed, and, as far as the purposes of the trust are concerned, the same situation arises as would arise on the death of Minto L. Henderson. There is nothing in the hands of the trustee save and except money to be invested in such securities as are provided for by statute for the investment of such funds.

Of the two main purposes specified in this trust, the one, and it might be said to be the primary purpose, to wit, the management of the business, has now ceased to exist. The other purpose was to divide the property among the children and their heirs.

Carrying out then the intention of the trustor, the property representing the stock to be distributed under the trust is, for the reasons stated, now ready for distribution, and the money now held by the trustee represents or stands in the place of the stock for distribution, and, under our interpretation of the trust, should now be distributed as provided in item 3 therein.

A decree may be drawn accordingly.

*Decree accordingly.*

HAMILTON and CUSHING, JJ., concur.